IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20828

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL DOMINGUEZ, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-98-CR-126-1)

_____

September 26, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rafael Dominguez, Sr., appeals his conviction by guilty plea
for conspiracy to possess with intent to distribute a controlled
substance. He argues (1) that the government failed to establish
the factual basis for his plea, (2) that he received ineffective
assistance of counsel, (3) that the district court erred in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculating his sentence. After reviewing the briefs and the record, we find no grounds for reversal.

Dominguez pleaded guilty to violating 21 U.S.C. §§ 841 and 846. He argues that since the government conceded that he did not know that there was cocaine included in the shipment of marijuana he conspired to make, there is no factual basis for his guilty plea to the charge that he conspired to possess with intent to distribute both marijuana and cocaine. Section 841, which defines the offense underlying the conspiracy, requires only knowing possession with intent to distribute a *controlled substance*. Dominguez's knowledge that the shipment contained marijuana provided a factual basis for his guilty plea. Whether or not he was aware of the cocaine in the shipment does not bear on his guilt under Sections 841 and 846; the references to cocaine in Section 841 appear only in its sentencing provisions.

This court generally declines to review claims of ineffective assistance of counsel on direct appeal. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). This is not such a case.

In his plea agreement, Dominguez explicitly waived his right to appeal his sentence except for an upward departure from the

sentencing guidelines. Dominguez does not contest the validity of this waiver. *See United States v. Sharpe*, 193 F.3d 852, 871 (5th Cir. 1999) (enforcing waiver-of-appeal provision in plea agreement when defendant did not contend that the waiver was uninformed or involuntary), *cert. denied*, 120 S. Ct. 1202, 1218, 2658 (2000). Dominguez was sentenced to the minimum sentence within the Guidelines. Thus, he has waived his right to appeal his sentence.

For these reasons, Dominguez's conviction and sentence are AFFFIRMED.